<u>JURY TRIAL DEMANDED</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**OBERT DOUGLAS, JOSEPH COBB GIBBS,**
**AND CURTIS D. BOSCHERT**                                    **PLAINTIFFS**

**VS.**                                    **CIVIL ACTION NO. 4:18cv132-MPM-JMV**

**CITY OF CLARKSDALE,**
**MISSISSIPPI**                                    **DEFENDANT**

### <u>FIRST AMENDED COMPLAINT</u>

#### <u>Introduction</u>

THIS ACTION seeks all legal remedies for race discrimination and violations of Plaintiffs' constitutional rights not to be discharged from their employment except for good cause, including, but not limited to, front pay, back pay, and benefits, compensatory damages, reinstatement for the unlawful actions of the City of Clarksdale in terminating all three Plaintiffs because of their race, Caucasian, and without good cause shown, all in violation of 42 U.S.C. §§ 1981 and 1983.

#### JURISDICTION

#### 1.

The jurisdiction of this action is secured pursuant to 28 U.S.C. § 1343(3), (4), and § 1331 for this cause of action arising under 42 U.S.C. §§ 1981 and 1983.

**EXHAUSTION**

**2.**

Plaintiffs have exhausted all applicable administrative remedies pursuant to Title VII of the Civil Rights Act of 1964 (as amended). 42 U.S.C. § 2000e, *et seq.*

**VENUE**

**3.**

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) in that Plaintiffs and Defendant reside in the Northern District of Mississippi, Greenville Division, and the events or omissions giving rise to the causes of action occurred in the same Judicial District, Judicial Division, and State.

**PARTIES**

**4.**

Plaintiff Obert Douglas was at all times herein an adult resident citizen of the United States and a resident of Clarksdale, Mississippi, located within the Greenville Division in the United States District Court for the Northern District of Mississippi.

**5.**

Plaintiff Joseph Cobb Gibbs was at all times herein an adult resident citizen of the United States and a resident of Clarksdale, Mississippi, located within the Greenville Division in the United States District Court for the Northern District of Mississippi.

**6.**

Plaintiff Curtis D. Boschert was at all times material an adult resident citizen of the municipality of Duncan, Mississippi, which is located in Bolivar County, Mississippi, within the Greenville Division in the United States District Court for the Northern District of Mississippi.

**7.**

The City of Clarksdale, Mississippi, is a municipality duly organized and operating under the laws of the State of Mississippi and is an employer for the purposes of 42 U.S.C. § 1983 and 42 U.S.C. § 1981. Said Defendant is located within the Greenville Division in the United States District Court for the Northern District of Mississippi.

## FACTS

**8.**

In 2011, Plaintiff Obert Douglas became Fire Chief for Clarksdale, Mississippi.

**9.**

Plaintiff Joseph Cobb Gibbs became employed as the Defendant's, Clarksdale's, Municipal Judge in 1995.

**10.**

Plaintiff Curtis D. Boschert was hired and began to work as full time Municipal Attorney for the City of Clarksdale, Mississippi, in 2003.

**11.**

Plaintiffs all were employees working for the Defendant City of Clarksdale, Mississippi, until Clarksdale terminated their employment on July 10, 2017.

**12.**

Defendant City of Clarksdale, Mississippi, is a Special Charter municipality. The City is governed by four commissioners and a mayor. Pursuant to the Special Charter, the mayor is allowed to vote only to break a two-two tie of the commissioners. Defendant Clarksdale is an employer for the purposes of Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

**13.**

On July 10, 2017, by a vote of the two black commissioners' "aye" and two white commissioners' "nay" with Mayor Henry W. Espy III, also black, breaking the tie with a vote of "aye," the Board of Commissioners terminated the employment of Plaintiff Obert Douglas as Fire Chief and hired as his replacement C. W. Grayson as interim Fire Chief; terminated the employment of Plaintiff Curtis D. Boschert by hiring Larry Lewis as interim City Attorney; and terminated the employment of Plaintiff Joseph Cobb Gibbs by hiring Derrick Hopson as Municipal Judge.

**14.**

On August 28, 2017, Margarette Meeks was hired as permanent City Attorney.

**15.**

On September 11, 2017, Rocky Nabors was hired by the Defendant as the permanent Fire Chief.

**16.**

Plaintiff Douglas is Caucasian; Plaintiff Gibbs is Caucasian; Plaintiff Boschert is Caucasian.

-4-

**17.**

The Fire Chief who replaced Plaintiff Obert Douglas, Rocky Nabors, is black. The City Attorney who replaced Curtis D. Boschert, Margarette Meeks, is black. The City Judge who replaced Plaintiff Joseph Cobb Gibbs, Derrick Hopson, is black.

**18.**

Plaintiff Douglas is more qualified for the job of Fire Chief than Rocky Nabors.

**19.**

Plaintiff Boschert is more qualified for the job of City Attorney than Margarette Meeks.

**20.**

Plaintiff Gibbs is more qualified for the job of Municipal Judge than Derrick Hopson.

**21.**

On July 1, 2017, Henry W. Espy III, a black male, assumed office as Mayor of Defendant Clarksdale, Mississippi. On several occasions Mayor Espy made statements concerning the race of the Clarksdale department heads and that the races did not reflect the community.

**22.**

Clarksdale's Special Charter holds that Clarksdale employees such as Plaintiffs may be terminated from their employment only for good cause.

**23.**

There absolutely was no good cause shown to justify the termination of the employment of Plaintiff Douglas and/or Plaintiff Gibbs and/or Plaintiff Boschert. All three Plaintiffs performed exemplary work for the City of Clarksdale.

## STATE ACTION

### 24.

At all times material, Defendant City of Clarksdale, Mississippi, has been acting under color, custom, and usage of the law of the State of Mississippi.

## CAUSE OF ACTION

### 25.

(1) Plaintiffs are members of a protected class (white); (2) Plaintiffs are qualified for their positions; (3) Plaintiffs have suffered adverse employment actions–termination; and (4) favorable treatment was given to persons outside of the protected class and/or others similarly situated (blacks) were treated more favorably.

### 26.

A public employee who may only be terminated by his employer for good cause shown possesses a property interest in his or her employment protected by the due process clause of the Fourteenth Amendment to the United States Constitution.

### 27.

Once said property interest is established, procedural due process requires employees such as Plaintiffs be afforded both pre-termination and post-termination hearings. The pre-termination hearing requirements are the following: (a) written notice of the purported reasons for the proposed terminations; and (b) an effective opportunity to rebut those reasons with both the right to respond in writing to the charges and the right to respond orally before the officials charged with the responsibility of making determination decisions.

**28.**

If the employer charged with the responsibility for recommending terminations sustains a proposed termination after the pre-termination hearing, the following post-termination hearing requirements inure: (a) written notice of the cause of the termination in sufficient detail to fairly enable the employees to show an error that may exist; (b) notice of the names and the nature of the testimony of the witnesses against the employees; ( c) in a reasonable time after such notice a meaningful opportunity to be heard in their own defense; and (d) a hearing before at least an apparently neutral tribunal.

**29.**

Having been offered by the Defendant no pre-termination or post-termination hearings, at the trial of this cause Plaintiffs will prove, had a hearing been provided by the City of Clarksdale, Mississippi, the proof would have been there was no good cause for terminating the employees, that is, that the Plaintiffs would have won their hearings. Plaintiffs' substantive due process rights therefore have been violated.

**30.**

All three Plaintiffs were terminated because of their race, white.

**31.**

There was no just cause to terminate the employment of any of the Plaintiffs.

**32.**

Terminating Plaintiffs because of their race, white, is in violation of Title VII of the Civil Rights Act of 1964 (as amended).

**33.**

Terminating the employment of the Plaintiffs because of their race, white, is in violation of 42 U.S.C. § 1983.

**34.**

Terminating the employment of the Plaintiffs because of their race, white, is in violation of 42 U.S.C. § 1981 to make and enforce contracts without racial animus.

**35.**

Terminating the employment of the Plaintiffs without pre- and post-hearings and without just cause violates procedural and substantive due process of law and 42 U.S.C. § 1983.

**IRREPARABLE HARM**

**36.**

Plaintiffs are suffering irreparable harm for which there is no adequate remedy at law.

**DAMAGES**

**37.**

As a direct and proximate result of being terminated from Clarksdale because of their race and by being terminated without being afforded procedural and substantive due process of law, Plaintiffs have suffered loss of income and fringe benefits, damage to their reputations, severe mental anguish, and emotional distress, justifying an award of damages.

**RELIEF**

**38.**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court will take jurisdiction of the parties and the subject matter and grant the following relief:

-8-

1. Plaintiffs be reinstated to their positions with the Defendant City of Clarksdale, Mississippi, as fire chief (Douglas), Municipal Judge (Gibbs), and City Attorney (Boschert), with full back pay and fringe benefits, or, in the alternative, be granted front pay.

2. A judgment of and from the Defendant in the amount set by the jury for back pay, fringe benefits, salary increases, awards, bonuses, and income lost for Plaintiffs having been terminated from their employment in violation of 42 U.S.C. §§ 1981 and 1983.

3. Damages in an amount set by the jury for psychiatric injury, mental anguish, emotional distress, and loss of reputation proximately caused by Plaintiffs' terminations by the Defendant.

4. The cost of this cause, including reasonable attorneys' fees.

5. General relief.

Respectfully submitted, this the 14th day of September, 2018.

/s/ Dennis L. Horn
Dennis L. Horn, Attorney for Plaintiffs,
Obert Douglas, Joseph Cobb Gibbs, and
Curtis D. Boschert

Dennis L. Horn (MSB #2645)
Shirley Payne (MSB #4071)
HORN & PAYNE, PLLC
P. O. Box 2754
Madison, MS 39130-2754
Phone: (601) 853-6090
Fax: (601) 853-2878
hornpayne@gmail.com

## CERTIFICATE OF SERVICE

I, Dennis L. Horn, certify that I have this date served the Clerk of this Court using the

ECF system, a true and correct copy of the above and foregoing *First Amended Complaint.*

I further certify that I have this date served, by electronic mailing, a true and correct copy

of the above and foregoing *First Amended Complaint* upon the following:

> Hon. Jason T. Marsh
> Phelps Dunbar, LLP
> P. O. Box 16114
> Jackson, MS 39236-6114
> marshj@phelps.com

This the 14th day of September, 2018.

/s/ Dennis L. Horn
Dennis L. Horn

-10-